**Varinder Parkash SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 04–5021–AG.**

United States Court of Appeals, Second Circuit.

April 13, 2006.

Hector Roman, New York, New York, for Petitioner.

Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania (Stephen R. Cerutti II, Assistant United States Attorney "on the brief"), Harrisburg, Pennsylvania, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Varinder Parkash Singh, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

■ The IJ found Singh not credible because a government investigation concluded that no "Randhawa Hospital" in Batala, India, existed, which was where Singh claimed he had been treated on four occasions for injuries he had acquired due to beatings by Indian police. Singh argues that the IJ should not have relied so heavily on the government's investigation report because it was not cross-examined and relied on double hearsay.

The doctrine of exhaustion of administrative remedies requires a party to pursue all possible relief within the deciding agency before seeking federal judicial review of an unfavorable administrative decision. *Howell v. INS*, 72 F.3d 288, 291 (2d Cir.1995). Singh's counsel failed to object to either the admissibility or the weight given to the government's report. Because Singh failed to raise these issues before either the IJ or BIA, he did not exhaust his remedies and this Court lacks jurisdiction to review these issues. Furthermore, the issue of weight, which Singh challenges in his petition for review, is more of a fact-based determination on which this Court generally defers to the agency's judgment. *See* 8 U.S.C. § 1252(b)(4)(B); *Gill v. INS*, 420 F.3d 82, 85, 87 (2d Cir.2005).

■ Because withholding of removal requires a heavier burden of proof, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding of removal. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 183 (2d Cir.2004). Because Zhou failed to argue his CAT claim before either this Court or the BIA, the claim is deemed both waived and unexhausted. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).